## JUSTUS CRAFTS *vs.* BENJAMIN SIKES.

A writ sued out in the name of Justus Crafts, may be amended by substituting therefor the name of Justus Stark, on proof that the attorney who made the writ was retained by the latter, and inserted the name of Crafts by mistake, there being a person of each name residing in the same town.

ACTION OF CONTRACT, brought in the name of Justus Crafts of Whately.   At the first term the plaintiff's counsel moved to amend the writ by striking out the word " Crafts " wherever it occurred, as a part of the name of the plaintiff, and inserting " Stark " in the place thereof.   The defendant afterwards filed an affidavit of defence, and an answer denying the contract declared on.

At the hearing at a subsequent term, upon this motion to amend, it appeared that there was a Justus Crafts, and also a Justus Stark, residing in Whately; that said Crafts had no claim against the defendant; but said Stark had, as he alleged, such a claim as was set forth in the writ, and retained the plaintiff's attorneys to bring the action in his own name; but by their mistake it was brought in the name of Justus Crafts.   *Thomas*, J. ruled that the court had no power to grant the amendment prayed for; and the plaintiff thereupon became nonsuit, subject to the opinion of the whole court.

*G. D. Wells*, for the plaintiff.   The court have the fullest power, by statute, to grant any amendments, especially in circumstantial errors or mistakes of form, not essential to the merits of the case, and by which the opposite party cannot have been prejudiced, whenever it is necessary to maintain an action for the same cause for which it was brought, and whenever the person and case can be rightly understood by the court.   Rev. Sts. *c.* 100, §§ 21 *&amp; seq.*   *Sts.* 1839, *c.* 151, § 1 ; 1852, *c.* 312, § 32.   And it has been usual to grant amendments like that here moved for. Thus a plaintiff's name has been allowed to be changed for one not *idem sonans* with that in the writ, by substituting ·· Wight " for " Wright," without even discharging an attachment.   *Wight* v. *Hale*, 2 Cush. 486.   So a writ in the name of the " elder and

deacons " of a church was permitted to be amended by striking out the words "elder and," although the "elder and deacons" and the "deacons" were made by the statute distinct corporations, for certain purposes. *Elder & Deacons of Baptist Church in Lowell* v. *Bancroft*, 4 Cush. 281. So the name of a next friend was allowed to be inserted, though essential to the maintenance of the action. *Blood* v. *Harrington*, 8 Pick. 552. See also *Kincaid* v. *Howe*, 10 Mass. 203; *Sherman* v. *Connecticut River Bridge*, 11 Mass. 338; *American Bank* v. *Doolittle*, 14 Pick. 123; *McGuire* v. *Davis*, 8 Cush. 356; *Judson* v. *Adams*, 8 Cush. 556; *Kimball* v. *Wilkins*, 2 Cush. 555; *McIniffe* v. *Wheelock*, 1 Gray, 600. Besides; this defendant, having filed his affidavit and answer after notice of the mistake, cannot now object that Justus Stark is not the real plaintiff.

*C. A. Winchester*, for the defendant. This was not a motion to amend, but to make a new writ. Stark is not before the court, and is not therefore a "person who may be rightly understood by the court," within the meaning of Rev. Sts. *c.* 100, § 21 The law authorizes the names of one or more joint plaintiffs to be stricken out, or an additional party to be joined; but does not authorize the name of a sole party, especially a plaintiff, to be stricken out, and another substituted. *Sts.* 1839, *c.* 151, § 2; 1852, *c.* 312, § 2. In *Wight* v. *Hale*, 2 Cush. 493, there were two plaintiffs, suing as partners, one of whom was rightly named in the writ; and in *Baptist Church in Lowell* v. *Bancroft*, 4 Cush. 281, and *Blood* v. *Harrington*, 8 Pick. 552, no change was made in the name of the real party, in whose behalf the action was brought. A mistake in the name of a defendant is often cured by service on the right person. The filing of an affidavit and answer, denying a contract with Crafts, are entirely consistent with proof of a contract with Stark, and are therefore no waiver of the objection.

By THE COURT. The power of the court in the matter of amendments of civil process, under Rev. Sts. *c.* 100, §§ 21, 22, is very general and comprehensive; and in the correction of circumstantial errors and mistakes seems to be wholly unrestricted, in cases "where the person and case may be rightly understood

by the court." In the present case, the evidence satisfactorily shows that the misnomer of the plaintiff was a mere clerical error of the attorney who made the writ, and that the suit was intended to be brought in the name of Justus Stark, who actually had the claim against the defendant, set out in the declaration, and ordered the suit to be commenced.

The surname of a party is no more essential to his legal designation and identity than other parts of his name. A mistake in either is fatal to the validity of legal process, where no power of amendment exists. *Slasson* v. *Brown*, 20 Pick. 436. *Commonwealth* v. *Perkins*, 1 Pick. 388. *Commonwealth* v. *Hall*, 3 Pick. 262. Yet no one can doubt the power or the duty of the court to allow amendments by adding to, taking out or correcting the first or Christian names of parties to actions. Such is the constant practice.

It cannot change the principle on which amendments in the names of parties are allowed, that there is a person who happens to bear the same name with that erroneously inserted in a writ. Such a fact may render the question of allowing an amendment more perplexing and difficult to be determined ; but if, notwithstanding this, the person intended to be made a party, but who has been misnamed by mistake, can be "rightly understood by the court," the case clearly comes within the express provision of the statute, and the error ought to be corrected by an amendment. A majority of the court are therefore, after a consultation of all the judges, of opinion that the amendment should be allowed.                              *Nonsuit taken off.*